## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re, | Case No. 20-03044-DD |
| Christopher James France, | Chapter 7 |
| Debtor. | **ORDER DENYING MOTION TO DISMISS** |

### I.    INTRODUCTION

This matter is before the Court on the Motion to Dismiss (the "Motion") (Dkt. No. 193)

filed by Christopher James France ("France" or "Debtor") on October 17, 2021, in the above-

referenced case.[1] The chapter 7 trustee filed an Objection to the Motion (Dkt. No. 198) on

November 5, 2021. A hearing was held on November 16, 2021 and appearances were made by

Debtor and the chapter 7 trustee. At the hearing, the Court announced an oral ruling on the

Motion. This Order memorializes the findings and conclusions announced by the Court at that

hearing.[2] For the reasons discussed below, Debtor's Motion (Dkt. No. 193) is denied.

### II.    LEGAL STANDARD

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This

matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and the Court may enter a final

order. The chapter 7 trustee must take steps to discharge his duty to: "collect and reduce to money

the property of the estate for which such trustee serves, and close such estate as expeditiously as

is compatible with the best interests of parties in interest"; "be accountable for all property

---

[1] France also filed motions to dismiss in two related adversary proceedings (AP Nos. 21-80013-DD and 21-80017-DD) associated with the underlying bankruptcy case. The motions were treated as arising under Federal Rule of Bankruptcy Procedure 7012 and denied by the Court in orders entered at docket numbers 48 and 68, respectively.

[2] The parties and the Court are familiar with the factual and procedural background of this case, which is set forth in related orders issued by the Court and need not be recounted here for purposes of the instant motion.

received"; "investigate the financial affairs of the debtor"; "if a purpose would be served, examine proofs of claims and object to the allowance of any claim that is improper"; and "if advisable, oppose the discharge of the debtor[.]" 11 U.S.C. § 704(a). France asks instead that the Court dismiss the case.

Section 707(a) of the Bankruptcy Code provides that the Court may dismiss a bankruptcy case for cause:

> (a) The court may dismiss a case under this chapter only after notice and a hearing and only for cause, including—
>> (1) unreasonable delay by the debtor that is prejudicial to creditors;
>> (2) nonpayment of any fees or charges required under chapter 123 of title 28; and
>> (3) failure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow after the filing of the petition commencing such case, the information required by paragraph (1) of section 521(a), but only on a motion by the United States trustee.

11 U.S.C. § 707(a). "Courts have routinely held that this provision applies to a debtor's motion to dismiss a voluntarily-filed petition." *Cilwa v. Fort*, 2018 WL 1801607, at *3 (D.S.C. Jan. 26, 2018) (citing *In re Smith*, 507 F.3d 64, 72 (2d Cir. 2007) (listing cases)).

> While a debtor is free to file for bankruptcy protection, he does not enjoy the same discretion to withdraw his case once it has been commenced. The debtors must make a showing of cause to dismiss their voluntary case. "Unlike a Chapter 13 bankruptcy case, where the debtor has an absolute right to dismissal, a debtor has no corresponding right to dismiss a Chapter 7 petition." . . . "[A]dequate cause to dismiss does not necessarily exist upon a showing by the debtor of his ability to pay debts." The most important consideration is the best interests of creditors.

*In re Wood*, 2017 WL 1475973, at *2 (Bankr. D.S.C. Apr. 21, 2017) (quoting *In re Kirven*, 188 B.R. 15, 16 (Bankr. D.S.C. 1994)). "To voluntarily dismiss a case, a debtor must make a showing of cause and demonstrate why a dismissal is justified. A Chapter 7 debtor has no absolute right to dismissal of his or her case, and the motion to dismiss should be denied if the dismissal would

2

result in prejudice to the creditors." *Id.* (alteration and quotation marks omitted) (citing *In re Thrower*, 2014 WL 1873399, at *3 (Bankr. W.D.N.C. May 8, 2014)). In determining whether there is sufficient cause to justify dismissal, courts have considered the following factors: "(1) whether dismissal is in the best interest of the debtor; (2) whether dismissal is in the best interest of the creditors; (3) whether dismissal would result in an abuse or manipulation of the system; and (4) whether dismissal is justified by compelling equitable principles." *Id.* (quoting *In re Hopper*, 404 B.R. 302, 308 (Bankr. N.D. Ill. 2009)).

In cases where the Court has granted a chapter 7 debtor's motion to dismiss, typically there has been a mistake of fact combined with another element justifying dismissal. *Id.* at *3 (citing *In re Herrera*, 554 B.R. 262 (Bankr. D.N.M. 2016) (granting a debtor's motion to dismiss his Chapter 7 case because, in part, the debtor had "significant cognitive disabilities, which prevented him from understanding the nature and effect of filing the bankruptcy case" and received poor advice from friends, who convinced him to file the bankruptcy case); *In re Heatley*, 51 B.R. 518 (Bankr. E.D. Pa. 1985) (allowing the debtor to dismiss her chapter 7 case because her income increased post-petition to allow her to repay her creditors outside of bankruptcy, legislation passed post-petition that would likely save her home from foreclosure and would have prevented her from filing for bankruptcy if enacted pre-petition, and her creditors would not be significantly prejudiced by dismissal)).

## III.    DISCUSSION

As detailed in related orders regarding France, the theories espoused by Debtor and other, similar variations of them are frequently termed "sovereign citizen" or "redemptionist" theories and have been consistently rejected by federal courts. *See France v. Mackey*, 2020 WL 6385562 at *6 (D.S.C. Oct. 7, 2020); *In re Elmore*, 556 B.R. 224, 232 (Bankr. D.S.C. 2016); *Hayes v. South*

*Carolina Fed. Credit Union (In re Hayes)*, 2011 WL 4566378, at *3 (Bankr. D.S.C. Sept. 22, 2011). His theories are simply not valid or applicable here. Contrary to Debtor's assertions, the debtor is Christopher James France, the individual—not any fictitious entity. France, having voluntarily filed his chapter 7 bankruptcy case, is subject, along with all of his legal and equitable interests in property, to the jurisdiction of this Court.

Debtor—a frequent pro se litigant—appeared at the November 16, 2021 hearing after moving to dismiss a bankruptcy case he initiated on July 27, 2020. The Court notes that France refused to sit at the party/counsel table or to enter the courtroom well. Instead, he addressed the Court from the gallery, where he made the following statement:

> There has been a mistake. I am here today in my true and natural capacity as one of the living people of Ohio, and I wish for this entire case to be dismissed with extreme prejudice and eliminated from the court record. I am the priority creditor and the employer in this courtroom and I am fully indemnified against loss or damage by indemnity bond AMRI00001RA393427640-Ohio on file with the US treasury. I am exercising my reversionary trust rights and my exemption from the jurisdiction of this court effective January 26, 1964. I wish to be paid treble damages by the prosecutor/trustee as compensation for my time, losses, and inconvenience. And that's all I have to say.

Debtor then exited the courtroom during the chapter 7 trustee's response. Debtor's Motion proffered no citation to legally cognizable authority and the Court could not discern a legal basis for the arguments set forth therein. Debtor's assertions at the hearing further demonstrate that he is either unwilling or unable to properly provide an even vaguely rational legal basis in support of his Motion.

Rather, France merely indicates his desire to be rid of the bankruptcy case. Meanwhile, the chapter 7 trustee has discovered potential assets that can be liquidated for the benefit of creditors. The applicable factors weigh against dismissal here. Dismissal may not be in France's best

interests considering his liabilities would remain, and it is assuredly not in the best interest of creditors since it appears assets may be available to pay claims and his creditors are entitled to whatever assets are available for distribution. Further, the record does not indicate any equitable considerations that justify dismissal. The evidence does not show, and France did not articulate, that there has been a mistake of fact or diminished capacity of the debtor preventing him from understanding the nature of the bankruptcy process. Further, there is insufficient evidence of any significant and unanticipated post-petition change in France's financial circumstances or prospects. Based on the foregoing, France has failed to demonstrate sufficient cause to justify dismissal over the objections of the chapter 7 trustee.

## IV.    CONCLUSION

Debtor has failed to carry his burden of proof and persuasion to demonstrate his chapter 7 bankruptcy should be dismissed. Based on the foregoing, Debtor's Motion (Dkt. No. 193) is hereby denied.

IT IS SO ORDERED.

**FILED BY THE COURT**
**11/23/2021**



Entered: 11/23/2021

David R. Duncan
US Bankruptcy Judge
District of South Carolina