UNITED STATES BANKRUPTCY COURT

DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: ) | |
| ) | B/K Case No. 20-03044-DD |
| CHRISTOPHER JAMES FRANCE ) | |
| ) | Chapter 7 |
| Debtor. ) | |

_____

**OBJECTION TO MOTION TO CONVERT**
_____

To: Christopher James France, Pro Se Debtor

    Kevin Campbell, the duly appointed and former Chapter 7 Trustee for the Debtor (hereinafter referred to as the "Chapter 7 Trustee"), by and through his undersigned attorney, hereby objects to the Motion filed by Christopher James France (hereinafter referred to as the "Debtor"), seeking to convert this case to one under Chapter 13 and would respectfully show unto this honorable Court as follows:

    1.    The Debtor filed for Chapter 7 relief on July 31, 2020.  This case has been declared an asset case.

    2.    The Debtor filed his Schedules A/B with the Bankruptcy Court on July 31, 2020. Notwithstanding the fact the Debtor's Schedule A/B (17) disclosed "DEBTOR HAS NO UNSECURED DEPOSITS", the Trustee received certain bank statements which reflect that "CHRISTOPHER FRANCE" has a bank account with First Citizens Bank (account ending -1809). On July 31, 2020, the account had approximately $30,132.26 in deposits.  Further, shortly before the filing of the bankruptcy case, the Debtor withdrew $25,000 in cash from this checking account. On February 9, 2021, this Court entered an Order requiring the Debtor to turnover these pre-petition funds to the Trustee.  The Debtor has failed and refused to comply with this Court's Order.

    3.    The Debtor also disclosed an interest in three (3) vehicles described as: (1) a 2013 Toyota Highlander VIN# 5TDDK3EH4DS267608, (2) a 2015 Toyota Sequoia VIN# 5TDDY5G15FS114510 and (3) a 2016 Subaru Legacy VIN# 4S3BNAH63G3037772 (hereinafter the collectively "Vehicles").  On July 22, 2021, this Court entered an Order requiring the Debtor to turnover the Vehicles to the Trustee.  The Debtor has failed and has refused to comply with this Court's Order.

    4.    On or about March 4, 2021, the United States Trustee's Office filed a Complaint (A/P Case No. 21-80017-DD) against the Debtor seeking to deny the Debtor his discharge.  After an evidentiary hearing, on November 10, 2021, this Court entered an Order of Default Judgment and Denial of Discharge.  As such, the Debtor is not entitled to a discharge in this case.

    5.    The Debtor's Schedules I and J filed with this Court on July 31, 2020 reflect that the Debtor had $3,920.00 in negative income each month.  As a result, a Chapter 13 plan would not be feasible with such a large negative monthly income.

**ANALYSIS**

In *Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365, 125 S. Ct. 1105, 166 L. Ed.2d 956 (2007), the Supreme Court held that a Chapter 7 debtor does not have an absolute right to convert to Chapter 13. A Chapter 7 debtor's "right" to convert to Chapter 13 is limited by § 706(d), which provides "[n]otwithstanding any other provision of this section, a case may not be converted to a case under another chapter of this title unless the debtor may be a debtor under such chapter." The *Marrama* Court determined "[t]here are at least two possible reasons why [a Chapter 7 debtor] may not qualify as [a Chapter 13] debtor, one arising under § 109(e) of the Code, and the other turning on the construction of the word 'cause' in § 1307(c)." 549 U.S. at 372, 127 S. Ct. at 1110.

In particular, under §109(e), only "an individual with regular income . . . may be a debtor under Chapter 13 of this title. Pursuant to 11 U.S.C. §101(3), the term "individual with regular income" means an "individual whose income is sufficiently stable and regular to enable such individual to make payments under a plan under chapter 13 of this title."

As noted above, in this case the Debtor's Schedule I and J reflect that the Debtor has $3,920.00 in negative monthly income. Therefore, he does not meet the requirements for qualification for Chapter 13.

The *Maramma* Court also noted that the Debtor's pre-petition conduct could be grounds to deny a Motion to Convert. "The *[Marrama]* Court specifically included 'fraudulent acts committed in an earlier Chapter 7 proceeding' within the scope of 'prepetition bad-faith conduct' disqualifying a debtor from eligibility under Chapter 13." *In re Gabriel*, 390 B.R. 816, 819 (Bankr. D.S.C. 2008).

As set forth above, the Debtor has failed and refused to comply with this Court's Orders requiring the turnover of property of the estate. This Court has also further found that the Debtor has committed such acts that his discharge should be denied. This constitutes bad faith conduct by the Debtor and sufficient cause to deny the Motion

WHEREFORE, the Trustee prays that this Court deny the Debtor's Motion to Convert this case, and for such other and further relief this Court deems just and equitable.

Respectfully submitted,

CAMPBELL LAW FIRM, P.A.

/s/ Michael Conrady
MICHAEL H. CONRADY
Attorney for the Chapter 7 Trustee
Post Office Box 684
Mt. Pleasant, SC 29465
District Court I.D. No 5560
mconrady@campbell-law-firm.com

Mt. Pleasant, South Carolina
This 26th day of January, 2022

UNITED STATES BANKRUPTCY COURT

DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: ) | |
| ) | B/K Case No. 20-03044-DD |
| Christopher James France ) | |
| ) | Chapter 7 |
| Debtor. ) | |

### CERTIFICATE OF MAILING
_____

I, Michael H. Conrady, Esq., of the Campbell Law Firm, P.A. hereby certify that I have this mailed a true and correct copy of the following:

### OBJECTION TO MOTION TO CONVERT

by mailing said copies by United States mail, with proper postage affixed thereto and addressed to the following parties. The United States Trustee's Office was served electronically with this document.

Christopher James France
1248 Logbook Lane
Mt. Pleasant, SC 29466

Christopher James France
Post Office Box 687
Salt Lake City, UT 84110-0687

    /s/ Michael Conrady
MICHAEL H. CONRADY, ESQ.
Campbell Law Firm, PA
Post Office Box 684
Mt. Pleasant, SC 29465
(843) 884-6874/ (843) 884-0997 fax

Mt. Pleasant, South Carolina
Dated: January 26, 2022