# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: | Case No. 20-03044-dd |
| Christopher James France, | Chapter 7 |
| Debtor. | **ORDER** |

This matter comes before the Court upon the chapter 7 trustee's Motion to Set-Off Funds that was filed on January 31, 2022 (dkt. no. 230) (the "Motion"). The debtor did not respond to the Motion and did not appear at the hearing held on February 15, 2022. The trustee seeks to setoff $55,132.26 the debtor was previously ordered to turnover from real estate sale proceeds representing the debtor's homestead exemption. The Court signaled its intent to grant the Motion from the bench, but after further consideration, the Motion is denied for the reasons set out below.

The debtor filed this voluntary chapter 7 case on July 27, 2020. In his Schedule A/B, filed with the Court on July 31, 2020, the debtor listed an ownership interest in the real property located at 1248 Logbook Lane, Mount Pleasant, SC (the "Property"). The debtor's non-filing spouse owns a one-half interest in the Property. The debtor claimed a homestead exemption of $63,250, and no timely objection was made. There are two mortgages on the Property.

On January 25, 2022, the trustee filed a Notice and Application for Sale of Property (dkt. no. 226). Therein, the trustee moved to sell the Property for $870,000. The non-filing spouse consents to and will join in the sale. Pursuant to the application, the first mortgage lien held by Homebridge Financial Services, Inc. in the approximate amount of $460,000 and the second mortgage lien held by REV Federal Credit Union in the approximate amount of $130,000 will be

paid at closing from the sale proceeds. There were no objections to the trustee's Application for Sale, and the Court entered an order authorizing the sale of the Property on February 22, 2022.

Previously, the trustee identified assets of the debtor that are required to be turned over for administration. According to bank statements dated July 31, 2020, the debtor had approximately $30,132.26 in his bank account with First Citizens Bank (acct ending -1809). Additionally, shortly before filing his petition, the debtor withdrew $25,000 in cash from his checking account. The debtor was ordered to turn over $55,132.26 by order entered February 9, 2021 (dkt. no. 102) (the "Turnover Order"). Debtor has failed to do so.

The issue before the Court is whether the trustee can setoff or otherwise recover the $55,132.26 from proceeds from the sale of the Property. The trustee stated that after satisfying the two mortgages of record and settling other costs of closing, there will be approximately $160,000 remaining from the sale of the Property. The debtor's estranged wife will receive one-half of those proceeds. The other one-half of the proceeds, less the exemption of $63,500, will inure to the estate regardless of the outcome here. The trustee is requesting that he retain $55,132.26 from the exemption.

The right of setoff "allows entities that owe each other money to apply their mutual debts against each other." *Citizens Banks of Maryland v. Strumpf*, 516 U.S. 16, 19, 116 S.Ct. 286, 289 (1995). The Bankruptcy Code does not create a right of setoff, but whatever right of setoff that might otherwise exist is preserved in bankruptcy. *Id.*; *see also* 11 U.S.C. § 553. A general right of setoff pursuant to common law exists in South Carolina. *In re Georgetown Steel Co., LLC*, 318 B.R. 313, 326 (Bankr. D.S.C. 2004). While the bankruptcy statute specifically preserves the right to setoff mutual pre-petition debts, the general rule is also that "a postpetition claim may be offset against a postpetition debt so long as both are valid, mutual obligations." *Id.* (*citing* 4

COLLIER ON BANKRUPTCY, § 553.03[3][6] at 553–56 (15th ed. rev.2003)). In this case, we do not have mutual postpetition obligations that can be setoff. The debtor owes the estate the $55,132.26 identified in the Turnover Order. Those funds are both an obligation of the debtor effective upon the commencement of the case and a debt by postpetition order. However, the homestead exemption that the debtor claimed is not a mere postpetition obligation but a property interest of the debtor. It is not in the nature of a new postpetition obligation owed by the estate or trustee to the debtor.

The trustee alternatively argues that upon the sale of the real estate, the homestead is transmuted to cash, and the homestead exemption is lost. He argued that the proceeds are no longer exempt in the amount of the homestead exemption but are converted to non-exempt cash that the estate can claim on behalf of creditors. Were this the case, judicial sales would always extinguish the exemption in a residence. This is not the practice concerning or effect of a judicial sale or bankruptcy sale. The proceeds of sale equal to the exemption are delivered to the debtor. By way of illustration in the judicial sales context, the sales officer must establish a minimum bid for property that is no less than the amount of the exemption and the exempted amount collected by the sales officer is deposited with the clerk of court and available for distribution by petition in the court of common pleas. *See* S.C. Code Ann. §§ 15-41-10, 15-41-20 and Rule 71(c) SCRCP.

The relief requested in the trustee's Motion can alternatively be described as a request to surcharge the debtor's homestead exemption. While federal law does not provide authority for bankruptcy courts to surcharge an exemption on a ground not specified in the Bankruptcy Code, when a debtor claims a state-created exemption, the exemption's scope is determined by state law. *Law v. Siegel*, 571 U.S. 415, 425, 134 S.Ct. 1188, 1196-97 (2014). South Carolina law

3

provides the exemptions available here. *See* S.C. Code Ann. §§ 15-41-30, 15-41-35; 11 U.S.C. § 522(b)(2). At least one older South Carolina case seems to authorize attacks on exemptions upon a showing of fraudulent conduct. *In re Autry*, No. 14-00716-DD, 2014 WL 1347228 (Bankr. D.S.C. Apr. 4, 2014) (*citing Baker v. De Witt*, 140 S.C. 114, 138 S.E. 626, 627 (1927) "[I]t is recognized that [homestead exemptions] must not receive such broad and liberal interpretation and construction as will make of them instruments of fraud and oppression."). The Court found no other South Carolina case to this effect. However numerous cases state that the exemptions provided under South Carolina law are construed liberally in favor of debtors. *Ex parte Morrow*, 183 S.C. 170, 190 S.E. 506, 508 (1937); *In re Holt*, 497 B.R. 817 (Bankr. D.S.C. 2013); *In re Riley*, 486 B.R. 711 (Bankr. D.S.C. 2013).

A more recent decision of the South Carolina Court of Appeals does not follow what may have been dicta in *Baker v. De Witt*. This later decision holds that a fraud exception to exemptions cannot be read into the statute but must be explicitly stated. *First Citizens Bank & Tr. Co., Inc. v. Blue Ox, LLC*, 422 S.C. 461, 812 S.E.2d 418 (Ct. App. 2018). The subsection of the current exemption statute concerning individual retirement accounts, for example, specifies that "[a] claimed exemption may be reduced or eliminated by the amount of a fraudulent conveyance into the individual retirement account or other plan." S.C. Code Ann. § 15-41-30(A)(13). However, the South Carolina Court of Appeals, noting that the fraud exception is not found in subsection (14) relating to 401(k) retirement accounts, declined to impute a fraud exception to the 401(k) account exemption. *Blue Ox* at 471, 812 S.E.2d at 423. "To impute an [fraud] exception would require us to read language into the statute that is not there." *Id.* Because the legislature clearly knew how to provide for a fraud exception when it intended to, the lack of the explicit exception in other subsections of the statute, including that for a homestead

exemption in a residence, undermines and argument for the availability of a general fraud exception with the effect of reducing or eliminating exemptions.

The debtor is not a sympathetic one. He has failed to comply with the Court's Turnover Order and has espoused discredited sovereign citizen legal theories in an attempt to thwart the trustee's administration of the case. However, neither action created nor augmented the residence exemption. The debtor has lost his discharge and may face other sanctions or penalty for his conduct. Nevertheless, the trustee may not surcharge the debtor's exemption to satisfy the turnover obligation or employ an offset. The Motion is denied.

IT IS SO ORDERED.

**FILED BY THE COURT**
**03/02/2022**



Entered: 03/02/2022

David R. Duncan
US Bankruptcy Judge
District of South Carolina